**OHIO STATE DENTAL BOARD, Appellant,**

v.

**RUBIN, Appellee.**

[Cite as *Ohio State Dental Bd. v. Rubin* (1995), 104 Ohio App.3d 773.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–940140.

Decided June 21, 1995.

*Betty D. Montgomery,* Attorney General, and *Julia M. Graver,* Assistant Attorney General, Health & Human Services Section, for appellant.

*White, Getgey & Meyer Co., L.P.A.,* and *Frank R. Recker,* for appellee.

*Per Curiam.*

Appellant, the Ohio State Dental Board, appeals from the decision of the Hamilton County Court of Common Pleas which granted appellee Ronald D. Rubin's motion to quash an investigative subpoena *duces tecum* issued by the board for certain portions of Rubin's patient appointment book.

The record reflects that the board received a complaint concerning Rubin's alleged practice of permitting unlicensed individuals to perform dental procedures on his patients. In order to investigate this complaint, the board issued a subpoena *duces tecum* to Rubin requesting the production of his appointment book for the specific period of August 3, 1993 through August 14, 1993. Rubin filed a motion to quash the subpoena on the basis that the materials sought were protected by the dentist-patient privilege under R.C. 2317.02(B). The trial court granted the motion based upon its specific determination that the provisions of R.C. 2317.02 are not preempted by the investigatory subpoena authority granted to the board pursuant to R.C. 4715.03.

In its sole assignment of error, the board contends that the trial court erred when it granted Rubin's motion to quash its subpoena. Based on the following, we sustain this assignment of error.

R.C. 4715.03(D) details the board's authority to investigate suspected statutory violations by dentists and to issue subpoenas in order to assist in verifying complaints lodged against the practitioners. This provision, in part, states:

"For the purpose of any disciplinary proceeding or any investigation conducted prior to a disciplinary proceeding the board may administer oaths, order the taking of depositions, issue subpoenas, compel the attendance and testimony of persons at depositions and compel the production of books, accounts, papers, documents or other tangible things."

R.C. 2317.02(B) sets forth the dentist-patient privilege which Rubin asserted as justification for his refusal to comply with the board's subpoena. This statute, which also encompasses the physician-patient privilege, provides that a physician or dentist shall not testify as to matters "concerning a communication made to him by his patient in that relation or his advice to his patient * * *." R.C. 2317.02(B)(3) further provides that the term "communication" means acquiring, recording, or transmitting any information, in any manner concerning any facts, opinions or statements necessary to enable the dentist or physician to diagnose, treat, prescribe or act for the patient, and also encompasses a medical or dental office communication such as a record, chart or financial statement.

In *Ohio State Med. Bd. v. Miller* (1989), 44 Ohio St.3d 136, 541 N.E.2d 602, the Ohio Supreme Court addressed the interplay between R.C. 4731.22(C)(1) (a

statute serving a purpose similar to that of R.C. 4715.03 in that it is designed to permit investigation and subpoena issuance by the state medical board for suspected physician wrongdoing) and the physician-patient privilege codified in R.C. 2317.02(B). The court acknowledged the laudable purpose underlying R.C. 2317.02(B)—patient confidentiality—but determined that the privilege cannot be permitted to be invoked automatically as a means of hindering investigations into suspected medical wrongdoing. The court articulated the following reasons why the privilege should not be routinely accepted to bar investigations: the privilege is in derogation of the common law and must be strictly construed against the party seeking to assert it; medical licensure is not an unqualified right and is therefore subject to reasonable restrictions and revocation by the issuing authority; and policy considerations underlying the physician-patient privilege must be balanced against, and are sometimes outweighed by, other interests, such as the public interest in detecting crimes to protect society.

In reaching its conclusion that the physician-patient privilege could not be invoked to prevent the state medical board from compelling the doctor under investigation to produce patient records, the court in *Miller* stated that its decision was "further strengthened by the fact that the most important purpose to be served by R.C. 2317.02(B)—patient confidentiality—is also served by R.C. 4731.22(C)(1)," which requires the board to maintain the confidentiality of patient records reviewed during an investigation. *Miller*, 44 Ohio St.3d at 141, 541 N.E.2d at 606.

The rationale in *Miller* applies to the case *sub judice*. Contrary to Rubin's assertions, the dental board's investigative statute, R.C. 4715.03(D), protects patient confidentiality, which, as the court in *Miller* stated, "is the most important purpose to be served by R.C. 2317.02(B)." Specifically, R.C. 4715.03(D) provides that "proceedings of the board relative to the investigation of a complaint or the determination whether there are reasonable grounds to believe that a violation of this chapter has occurred are confidential and are not subject to discovery in any civil action." Thus, any information obtained from Rubin's patient appointment book by the board would, by virtue of R.C. 4715.03(D), remain strictly confidential. With the primary purpose of the dentist-patient privilege served by the express language of R.C. 4715.03(D), the invocation of R.C. 2317.02(B) by Rubin was unwarranted and unnecessary. Moreover, consistent with the court's ultimate resolution in *Miller*, reached by balancing the competing interests of the parties, we are persuaded that the interest of the public at large, served here through the board's investigation into Rubin's suspected practice of allowing nonlicensed individuals to perform dental procedures on patients, outweighs the interests to be served by invocation of the dentist-patient privilege by Rubin under the pretext of protecting his patients'

identities in order to prevent the board from obtaining his patient appointment book. The board's single assignment of error is, accordingly, sustained.

The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with law.

*Judgment reversed*
*and cause remanded.*

M.B. Bettman, P.J., Painter and Sundermann, JJ., concur.