THE STATE OF OHIO, APPELLEE, *v.* GARRETT, APPELLANT.

(No. 82AP-686—Decided January 27, 1983.)

*Mr. Michael Miller,* prosecuting attorney, and *Ms. Karen L. Martin,* for appellee.

*Sanford, Fisher, Fahey, Boyland & Schwarzwalder Co., L.P.A.,* and *Mr. William E. Boyland,* for appellant.

MOYER, J. This matter is before us on defendant-appellant's appeal from a judgment of the Court of Common Pleas of Franklin County finding him guilty of

deception to obtain dangerous drugs in violation of R.C. 2925.22 and sentencing him to six months to five years in prison.

Defendant, Mark C. Garrett, waived a jury and agreed to a trial by stipulation of facts. The parts of the stipulation that are important to our disposition of the appeal are as follows: that a member of the Columbus Police Department assigned to the Narcotics Bureau would testify that, while conducting a routine inspection, she noticed two prescriptions that had been filled in a Franklin County drug store that pertained to the same patient and with dates only two days apart; that she confiscated both prescriptions and that the prescriptions identified defendant as the person receiving the medication and identified Dr. Heffelfinger as the doctor writing the prescriptions; that Dr. Heffelfinger would testify that he could identify defendant as the patient who had been in his office first in April 1978, at which time defendant stated he was working at Buckeye Steel Castings, that defendant told him he had problems sleeping and that the doctor, therefore, issued a prescription for Quaaludes; that, on January 12, 1982, defendant came to his office and stated he was having problems sleeping and needed Quaaludes, whereupon the doctor wrote a prescription for three units of Sopors, and that, on January 14, 1982, defendant came to his office and told him that the prescription he had received on January 12 was stolen with his wallet from his locker at Buckeye Steel Castings; that the doctor gave defendant another prescription and that, if he had known that defendant was, in fact, not employed at Buckeye Steel Castings and that his wallet containing the January 12 prescription had not been stolen, he would not have written the prescription on January 14; and that defendant never worked at Buckeye Steel Castings and that he had both prescriptions filled at the drug store.

Defendant objected to the admission into evidence of the doctor's testimony and filed a motion *in limine* prior to trial seeking an order excluding from evidence any testimony from any physician who had treated the defendant.

Defendant asserts the following assignment of error in support of his appeal:

"The Court below committed error prejudicial to the rights of the defendant when it admitted, over defendant's objection, as the only evidence of defendant's deception, the statements of the defendant's physician concerning communications made to the physician by the defendant-patient in that relation of physician and patient."

The sole legal issue presented by this appeal is whether the testimony of a physician is admissible under R.C. 2317.02(B) where the physician has issued a prescription to a person who falsely tells the physician he has lost a previous prescription.

The statutory physician-patient privilege is found in R.C. 2317.02, which provides, in pertinent part, as follows:

"The following persons shall not testify in certain respects:

"* * *

"(B) A physician concerning a communication made to him by his patient in that relation or his advice to his patient but the physician may testify by express consent of the patient * * *."

The privilege was created by the General Assembly to protect from public disclosure communications between physicians and patients in the treatment of patients. *State* v. *Geis* (June 16, 1981), Franklin App. No. 80AP-723, unreported.

However, in the case of *State* v. *Antill* (1964), 176 Ohio St. 61 [26 O.O.2d 366], the Supreme Court recognized that the privilege is not absolute. In interpreting R.C. 2917.44 (the predecessor to R.C. 2921.22[B]), which provided an exception to the privilege where a physician has treated a person with a wound caused by

a gunshot or other deadly weapon, the court, after stating the purpose of the policy, said: "* * * [a]gainst the interest of the patient in having his condition remain confidential, must be balanced the interest of the public in detecting crimes in order to protect society." *Id.* at 65. R.C. 2317.02, being a statute in derogation of the common law, must be strictly construed against the person seeking to invoke its protection. *Weis* v. *Weis* (1947), 147 Ohio St. 416 [34 O.O. 350], paragraph four of the syllabus; *Belichick* v. *Belichick* (1974), 37 Ohio App. 2d 95, 97 [66 O.O.2d 166].

In applying the rule of strict construction to R.C. 2317.02(B), we must also apply two other rules of statutory construction. The first is found in R.C. 1.47, which provides in pertinent part as follows:

"In enacting a statute, it is presumed that:

"* * *

"(C) A just and reasonable result is intended."

See, also, *State, ex rel. Haines,* v. *Rhodes* (1958), 168 Ohio St. 165 [5 O.O.2d 467], paragraph two of the syllabus.

The other rule is R.C. 1.49, which provides, in pertinent part, as follows:

"If a statute is ambiguous, the court, in determining the intention of the legislature, may consider among other matters:

"(A) The object sought to be attained;

"* * *

"(D) The common law or former statutory provisions, including laws upon the same or similar subjects;

"(E) The consequences of a particular construction."

The privilege created by R.C. 2317.02(B) makes inadmissible the testimony of a physician concerning a communication made to the physician by his patient "in that relation." That phrase suffers from some ambiguity, yet it is well-established that the object sought to be obtained by derogating the common law with the adoption of R.C. 2317.02 was to encourage patients to be forthcoming and candid in their statements to physicians by whom they are being treated in the belief that candor by the patient results in better treatment by the physician. The only reasonable construction of the statute in light of its purpose is that the phrase "in that relation" refers to the normal or usual relation created by a patient when he or she is speaking to a physician regarding the treatment of the patient. In *Meier* v. *Peirano* (1945), 76 Ohio App. 9 [31 O.O. 342], where the Court of Appeals for Hamilton County held that the predecessor of R.C. 2317.02 should be strictly construed in a will contest action to apply only to communications made to a physician in his professional capacity, the court defined the statutory phrase "in that relation" to mean only those communications made to the physician which have a relationship to an examination, diagnosis or treatment of the patient's condition which brought about the relationship between the physician and the patient. Similarly, where an examination by a physician is in preparation for a lawsuit rather than treatment, the privilege does not apply. We believe that definition of the phrase is a reasonable interpretation of the General Assembly's act.

Clearly, at least on January 14, 1982, defendant sought the professional services of Dr. Heffelfinger, not as a result of a disease or disorder suffered by defendant, but, rather, for the obtaining of an illegal drug by the use of false statements to the physician. If we were to interpret the statutory phrase "in that relation" to include the conduct of the defendant in this case, we would produce an unjust and unreasonable result and our interpretation would produce consequences that were not intended by the General Assembly and are inconsistent with the object sought to be obtained by the adoption of R.C. 2317.02(B).

We hold that R.C. 2317.02(B) does

not make inadmissible the testimony of a physician regarding false statements made to said physician by a person seeking a prescription for an illegal drug where there is no evidence that the drug was obtained by said person for the treatment of any medical illness, disease or disorder. The assignment of error is overruled.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

REILLY and NORRIS, JJ., concur.