THE STATE, EX REL. BUCHMAN, *v.* STOKES, SHERIFF.

(No. C-860845—Decided
April 29, 1987.)

*Goodman & Goodman* and *John E. Stillpass,* for petitioner Elwood Buchman, M.D.

*Arthur M. Ney, Jr.,* prosecuting attorney, and *William E. Breyer,* for respondent Lincoln J. Stokes, Sheriff.

*Per Curiam.* The petitioner, Dr. Elwood Buchman, was subpoenaed to appear before the grand jury and to bring with him medical records bearing the name of a certain patient of his. The grand jury was investigating the patient for using fraudulent medical records to obtain prescriptions for a Schedule II controlled substance. The petitioner appeared before the grand jury but refused to answer questions concerning his patient and refused to deliver the contents of his patient's file claiming the information was privileged under R.C. 2317.02(B). Upon his refusal, the foreman of the grand jury took the petitioner before a judge in the court of common pleas. The judge was informed by the prosecutor, representing the respondent here, that the petitioner refused to answer certain questions concerning his patient and that the petitioner failed to surrender the patient's file. The judge also heard testimony from a RENU agent investigating the patient's activities. The agent testified that he interviewed the petitioner because the petitioner had written prescriptions to the patient for the controlled substance. During the interview, the petitioner showed the agent records that were in the patient's file. The records were similar to fraudulent records that the patient had used to get prescriptions from another doctor. Based on that evidence, the judge ordered the petitioner to return to the grand jury to testify and deliver the records. The petitioner refused and the judge found the petitioner in contempt. The petitioner then came to this court requesting a writ of habeas corpus. The respondent has moved this court to dismiss the petition. The respondent's motion is overruled.[1]

A finding of contempt followed by sanctions therefor is a final appealable order and, therefore, the petitioner had an adequate remedy at law at the time of the contempt order by a direct appeal to this court. *Smith* v. *Bd. of Trustees* (1979), 60 Ohio St. 2d 13, 14 O.O. 3d 162, 396 N.E. 2d 743; R.C. 2705.09. But, since the petition was filed, the time for bringing an appeal has run and that remedy has dissolved.

However, the absence of a writing which states the interrogatory that the petitioner refused to answer and the reason for his refusal limits the scope of our consideration.

---

[1] We note that the prosecution failed to follow the procedure mandated by R.C. 2939.14. We understand that in a prior hearing this court agreed that the failure would not cause the writ to issue on purely procedural grounds, and it does not.

In the interest of judicial economy and substantial justice, we will take jurisdiction over the petition for habeas corpus because it is now the only remedy available to petitioner.

In his entry finding the petitioner in contempt of court, the judge found that no privilege existed for fraudulently prepared records. We believe that the court has stated the law correctly. The physician-patient privilege only attaches to communications that are made within the physician-patient relationship. If the communication by the patient is fraudulent, the relationship is not established and the privilege does not attach. See *State* v. *Garrett* (1983), 8 Ohio App. 3d 244, 8 OBR 318, 456 N.E. 2d 1319; R.C. 2317.02. The judge found that the petitioner refused to answer questions and to deliver to the grand jury "*all* medical records bearing the name of [the patient]." (Emphasis added.) The entry requires the petitioner to answer the questions and deliver the records in order to purge himself of the contempt. We find that the judge's order was too broad. There is no evidence that all of the records in the patient's file are fraudulent and, therefore, not privileged. If the court specifically ordered the petitioner to provide information and records that were shown not to be privileged, the contempt finding would be appropriate. However, in this case we must hold that the judge cannot order the petitioner to release all medical records bearing the patient's name absent a showing that all the records bearing the patient's name are not privileged. We overrule the respondent's motion to dismiss the petition for a writ of habeas corpus.

The writ of habeas corpus prayed for by the petitioner will issue. It is the order of this court that the petitioner be released.

*Relief granted.*

KLUSMEIER, P.J., DOAN and UTZ, JJ., concur.