[Cite as *Gangale v. Coyne*, 2022-Ohio-196.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

CELINE GANGALE,                          :

      Plaintiff-Appellee,          :            No. 110772

      v.                                      :

LORETTA COYNE, ET AL.,          :

      Defendants-Appellants.      :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 27, 2022

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-20-936181

---

### *Appearances:*

Wuliger & Wuliger and Mark E. Kremser, *for appellee.*

Stafford Law Co., L.P.A., Joseph G. Stafford, Nicole A. Cruz, and Kelley R. Tauring, *for appellant.*

EILEEN A. GALLAGHER, J.:

{¶ 1} In this accelerated appeal, appellant Domenic Gangale ("Domenic") appeals from an order of the Cuyahoga County Common Pleas Court denying his motion to quash a subpoena duces tecum that appellee Celine Gangale ("Celine"), Domenic's ex-wife, had issued to Santagata Fini, L.L.C. ("Santagata Fini"), the

accounting firm that prepared the tax returns for Domenic and his businesses. The subpoena sought the production of Domenic's personal and business tax returns and other financial records for use in a legal malpractice action Celine brought against the attorneys who had represented her in her divorce from Domenic. Domenic contends that the trial court erred and abused its discretion in (1) ruling that Domenic lacked standing to challenge the subpoena issued to Santagata Fini and (2) ordering the production of Domenic's personal and business tax returns and other financial records that post-dated the divorce agreement.

{¶ 2} For the reasons that follow, we affirm.

**Procedural and Factual Background**

{¶ 3} Celine and Domenic were divorced on April 1, 2019 in *Gangale v. Gangale*, Cuyahoga County D.R. No. DR-16-362824 (the "divorce action"). The final judgment entry of divorce incorporated an in-court agreement entered between the parties on March 7, 2019 (the "divorce agreement"). After the divorce, Domenic filed a series of post-decree motions relating to the divorce decree.

{¶ 4} On August 19, 2020, Celine filed a legal malpractice action against Loretta Coyne, Richard J. Stahl III and Coyne Stahl Jansen, L.L.C. (collectively, "Coyne"), the attorneys who had represented her in the divorce action. Celine asserted claims of professional negligence/malpractice, breach of contract, breach of fiduciary duty/duty of loyalty and unjust enrichment against Coyne based on Coyne's alleged failure to adequately protect Celine's interests during the divorce and post-decree proceedings. The complaint includes allegations that Coyne failed

to conduct "necessary discovery" regarding Domenic's finances during the divorce action, failed to retain "appropriate expert witnesses" to establish Domenic's income and the valuation of his businesses during the divorce action and failed to "investigate" Domenic's "minimization" of his income and assets, failed to file a motion for relief from judgment and failed to file a motion to modify support after the divorce or any other post-decree motions. Domenic is not a party to the legal malpractice action.

{¶ 5} In July 2021, Celine issued a subpoena duces tecum to Santagata Fini, the accounting firm that prepared the tax returns for Domenic and his businesses, requesting the production of the following documents:

1. Any and all documents of whatever kind or description relating to any accounting and/or tax preparation services you provided to Celine Gangale and/or Domenic Gangale, for the years 2016-2020, including but not limited to:
   a. All federal, state and/or local tax returns; and
   b. All attachments, schedules, exhibits, and/or any other accompanying forms to any returns.

2. Any and all documents of whatever kind or description relating to any accounting and/or tax preparation services you provided to any and all businesses owned and/or operated by Domenic Gangale, including but not limited to Paramount Concrete Construction and Independence Cement, L.L.C., for the years 2016-2020, including but not limited to:
   a. All federal, state and/or local tax returns; and
   b. All attachments, schedules, exhibits, and/or any other accompanying forms to any returns.

3. Any and all documents of whatever kind or description, relating to communications between your office and the office of attorney Loretta Coyne regarding the matter of *Domenic Gangale v. Celine Gangale*, Cuyahoga County Case No. DR-16-362824.

**{¶ 6}** Santagata Fini did not respond to the subpoena or serve any objections to the subpoena.

**{¶ 7}** Instead, Domenic's attorney sent a letter to Celine's attorney, asserting that Celine does "not have any right to [his] tax returns or his business returns" and demanding that Celine withdraw the subpoena. Celine's attorney responded that because Celine was "required to prove 'the case within the case'" in her legal malpractice action, Celine needed to "obtain the discovery [Coyne] failed to obtain in the divorce action." Celine's attorney indicated that he was "willing to consider an appropriate protective order" if Domenic identified his "specific concerns" regarding the subpoena. Domenic's attorney replied that he did "not agree with [Celine's counsel's] analysis" and, once again, requested that the subpoena be withdrawn.

**{¶ 8}** On July 21, 2021, Domenic filed a motion to quash the subpoena, arguing that the documents sought by the subpoena, i.e., "confidential financial information and documentation" relating to him and his businesses, were "irrelevant" to the issues in the legal malpractice action and constituted an improper "fishing expedition." Further, with respect to the documents requested for the years 2019-2020, Domenic asserted that they were "not in existence at the time of the parties' divorce" and, therefore, "could not have impacted the outcome of the divorce proceedings." In support of his motion, Domenic attached a copy of the subpoena duces tecum and copies of correspondence between his counsel and Celine's counsel relating to the subpoena.

{¶ 9} Celine filed an opposition to the motion to quash. She argued that she was "entitled to discover the facts and circumstances involving her ex-husband's income and holdings which were not obtained by her divorce attorney and which should have been obtained" and asserted that Domenic's motion to quash should be denied because (1) the motion was not accompanied by an affidavit setting forth the efforts to resolve the dispute without court intervention; (2) Domenic lacked standing to file the motion to quash; (3) Domenic failed to show that the subpoena was improper and (4) the subpoenaed documents were not privileged, confidential or otherwise protected from disclosure. In support of her opposition, Celine attached (1) an affidavit from her attorney regarding the subpoena, the allegations in the legal malpractice action, a summary of communications with Domenic's counsel relating to the subpoena and an explanation as to why the documents had been subpoenaed; (2) a copy of the subpoena; (3) copies of correspondence between Celine's counsel and Domenic's counsel relating to the subpoena and (4) a brief in opposition to a motion to quash Domenic's counsel had filed in another, unrelated case.

{¶ 10} On August 5, 2021, the trial court entered an order denying Domenic's motion to quash. The trial court found that Domenic lacked standing to quash the subpoena because the subpoena was served on Santagata Fini, not Domenic, and because the requested documents were not privileged. The trial court further found that the requested financial documents were relevant to Celine's "legal malpractice claims in [the] matter and the time frame regarding the underlying

domestic relations case," that the requested documents were "discoverable under Civ.R. 26" and that there was no other basis to quash the subpoena under Civ.R. 45. The trial court ordered that Santagata Fini produce the requested documents but, due to "the sensitive nature of the documents," ordered that the documents be produced "either under a protective order or in a manner that otherwise ensures for the confidentiality of the documents."

{¶ 11} Domenic appealed, raising the following two assignments of error for review:

> Assignment of Error Number 1: The trial court erred as a matter of law and abused its discretion by finding that the appellant lacked standing to file a motion to quash under Civ.R. 45.
>
> Assignment of Error Number 2: The trial court erred as a matter of law and abused its discretion by denying appellant's motion to quash and ordering the production of the appellant's personal and business financial records and documentation post-dating the March 7, 2019 in-court agreement.

{¶ 12} On September 22, 2021, Celine filed a motion to dismiss the appeal. Celine argued that the trial court's order was not a final, appealable order because it did not compel the production of privileged documents and Domenic could not otherwise demonstrate "irremediable prejudice" arising from the production of the requested documents. Domenic opposed the motion arguing that the trial court's order was final and appealable under R.C. 2505.02(B)(4) because the requested financial records are "privileged and confidential" and because Domenic would not have a meaningful remedy in an appeal after final judgment because the documents would have already been produced and disseminated.

{¶ 13} On October 13, 2021, this court denied Celine's motion to dismiss, stating, in relevant part:

> This court does not require that to be a final appealable order, the denial of a nonparty's motion to quash has to involve privileged or confidential information. *See Tisco Trading USA, Inc. v. Cleveland Metal Exchange*, 8th Dist. Cuyahoga No. 97114, 2012-Ohio-493; *Parma v. Schoonover*, 8th Dist. Cuyahoga 100512, 2014-Ohio-400; *Munro v. Dargai*, 8th Dist. Cuyahoga No. 54622, 1988 Ohio App. LEXIS 1144 (Mar. 31, 1988); *Godwin v. Facebook*, 8th Dist. Cuyahoga No. 109203, 2020-Ohio-4834, ¶ 11 (dicta).

**Law and Analysis**

{¶ 14} As an initial matter, we note that, in her appellate brief, Celine asks this court to revisit the issue of whether we have jurisdiction to hear this appeal. We decline to do so.

### Standing

{¶ 15} In his first assignment of error, Domenic contends the trial court erred and abused its discretion in determining that he lacked standing to challenge the subpoena duces tecum directed to Santagata Fini.[1] The trial court held that because Domenic was not the subpoenaed party, he lacked standing to file a motion

---

[1] In this appeal, Domenic does not challenge the trial court's order to the extent it orders the production of documents responsive to the subpoena that (1) predate March 7, 2019, (2) relate exclusively to Celine or (3) are responsive to the third category of documents requested in the subpoena, i.e., "[a]ny and all documents of whatever kind or description, relating to communications between [Santagata Fini] and the office of attorney Loretta Coyne regarding the matter of *Domenic Gangale v. Celine Gangale*, Cuyahoga County Case No. DR-16-362824." His assignments of error are limited to the trial court's order requiring the production of his "personal and business financial records and documentation post-dating the March 7, 2019 in-court agreement." Accordingly, we limit our review of the trial court's order to those documents.

to quash the subpoena, i.e., that only Santagata Fini had standing to challenge the subpoena duces tecum seeking the production of Domenic's tax returns and other financial documents. Domenic argues that because the subpoena "directly relates to him and the production of his financial records and documentation," he had standing to file a motion to quash the subpoena under Civ.R. 45(C).[2] We agree.

{¶ 16} Standing is a question of law that we review de novo. *See, e.g., State ex rel. Merrill v. Ohio Dept. of Natural Resources*, 130 Ohio St.3d 30, 2011-Ohio-4612, 955 N.E.2d 935, ¶ 27, citing *Kincaid v. Erie Ins. Co.*, 128 Ohio St.3d 322, 2010-Ohio-6036, 944 N.E.2d 207, ¶ 9.

{¶ 17} Civ.R. 45(C) addresses motions to quash subpoenas. Civ.R. 45(C)(3) provides:

> On timely motion, the court from which the subpoena was issued shall quash or modify the subpoena, or order appearance or production only under specified conditions, if the subpoena does any of the following:
> (a) Fails to allow reasonable time to comply;
> (b) Requires disclosure of privileged or otherwise protected matter and no exception or waiver applies;

---

[2] The subpoena duces tecum sought the production of documents "relating to accounting and/or tax preparation services" Santagata Fini provided not only to Domenic personally, but also to "any and all businesses owned and/or operated by Domenic Gangale, including but not limited to Paramount Concrete Construction and Independence Cement, L.L.C." However, only Domenic filed the motion to quash, not Paramount Concrete Construction, Independence Cement, L.L.C. or any of the other businesses owned or operated by Domenic. Domenic did not file an affidavit in support of his motion to quash. There is, therefore, little, if any, information in the record regarding Domenic's relationship to the businesses encompassed by the subpoena duces tecum, other than the parties' assertions that these are "his businesses" and that Domenic "earned his income through self-employment in one or more closely-held cement businesses." However, because there has been no claim that Domenic lacks standing to challenge the subpoena duces tecum specifically as it relates to documents involving those entities, we do not address the issue further here.

(c) Requires disclosure of a fact known or opinion held by an expert not retained or specially employed by any party in anticipation of litigation or preparation for trial as described by Civ.R. 26(B)(5), if the fact or opinion does not describe specific events or occurrences in dispute and results from study by that expert that was not made at the request of any party;
(d) Subjects a person to undue burden.

{¶ 18} Civ.R. 45(C) does not limit who may file a motion to quash a subpoena, i.e., the rule "'does not say a motion to quash can only be filed by the person subject to the subpoena.'" *Molnar v. Margaret W. Wong & Assocs. Co., L.P.A.*, 8th Dist. Cuyahoga No. 109440, 2021-Ohio-1402, ¶ 29, quoting *Hanick v. Ferrara*, 2020-Ohio-5019, 161 N.E.3d 1, ¶ 55 (7th Dist.); *Yidi, L.L.C. v. JHB Hotel, L.L.C.*, 2016-Ohio-6955, 70 N.E.3d 1231, ¶ 8 (8th Dist.); *see also* Staff Note to July 1, 2005 Amendment to Civ.R. 45(A) (indicating that the notice requirement in Civ.R. 45(A)(3), i.e., that a party issuing a subpoena "shall serve prompt written notice, including a copy of the subpoena, on all other parties," "like its counterpart in [Fed.R.Civ.P. 45(b)(1)], is intended 'to afford other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents or things'"), quoting Advisory Committee's Note to 1991 Amendments to the Federal Rules of Civil Procedure; *Hoerig v. Tiffin Scenic Studios, Inc.,* 3d Dist. Seneca No. 13-11-18, 2011-Ohio-6103, ¶ 19-24 (defendant-employer had standing to file a motion to quash a subpoena plaintiff-employee issued to coworker where the information the employee sought to elicit from the coworker was obtained while the coworker was acting within the course and scope of his employment with the

employer and the employer claimed that the subpoena subjected the employer to an undue burden).

{¶ 19} Likewise, "Civ.R. 45(C)(3) does not say the court can only quash a subpoena for the listed reasons." *Hanick* at ¶ 56, citing Staff Note to July 1, 1993 Amendment to Civ.R. 45(C)(3) ("Division (C)(3) contains four bases for quashing or modifying a subpoena. The latter division does not purport to catalog the substantive bases upon which an objection might be based."); *see also* Civ.R. 26(C).

{¶ 20} Courts have recognized that parties or other persons who have a personal right, privilege, privacy interest or proprietary interest in information or documents subpoenaed from a nonparty may have standing to file a motion to quash the subpoena. *See, e.g., Hanick* at ¶ 52 (noting exception to "general rule" that "it is the subpoenaed person who has standing to quash the subpoena" exists "where a party has a personal privilege or right related to the information sought") (emphasis deleted); *Molnar* at ¶ 11, 17-18, 31 (in legal malpractice action, plaintiffs had standing to file a motion to quash a subpoena propounded to police department that plaintiffs claimed sought their privileged information); *In re Deposition of Turvey*, 3d Dist. Van Wert No. 15-02-07, 2002-Ohio-6008, ¶ 13 (hospital had standing to file a motion to quash subpoena deuces tecum issued to employee seeking documents relevant to conversations employee had that occurred during the course and scope of her employment with the hospital because it had "a proprietary interest in the content of the conversations as well as the documents generated by the conversations" and, therefore, "a right to raise their confidentiality against a

subpoena"); *see also PCA-Corrections, L.L.C. v. Akron Healthcare L.L.C.*, S.D.Ohio No. 1:20-cv-428, 2021 U.S. Dist. LEXIS 96737, 3-4 (May 21, 2021) (defendants had standing to move to quash subpoena served on nonparty accountant that sought the production of "information pertaining to their tax records, financial transactions, and other commercially sensitive documents"); *Waite v. Davis*, S.D.Ohio No. 1:11-cv-851, 2013 U.S. Dist. LEXIS 5253, 14-15 (Jan. 14, 2013) (recognizing that a person "could have standing to quash a non-party subpoena" where the person claims a "personal right or privilege" in the information or documents being sought and acknowledging that "[s]uch rights or privileges have been recognized with respect to personal bank records, information in a personnel file, corporate bank records, or Indian tribal records"); *In re Rule 45 Subpoena Issued to Cablevision Sys. Corp.*, E.D.N.Y. No. MISC 08-347, 2010 U.S. Dist. LEXIS 40653, 14-15 (Feb. 5. 2010) (nonparty may have standing to quash a subpoena issued to another nonparty under Fed.R.Civ.P. 45 where he or she asserts a claim of privilege, has a privacy interest in the confidentiality of the records sought or seeks to protect a proprietary interest in information or documents subpoenaed).

{¶ 21} Here, Domenic has claimed, and clearly has, a personal right to, and privacy interest in, the financial documents sought from Santagata Fini. The subpoenaed documents include his personal tax returns and the tax returns of his closely held businesses. Accordingly, Domenic has standing to challenge the

subpoena duces tecum to the extent that it seeks the production of those documents.[3] Domenic's first assignment of error is sustained.

{¶ 22} This, however, does not end our inquiry. The trial court also denied Domenic's motion to quash on the ground that the requested documents were

[3] The cases the trial court cited in support of its determination that Domenic lacked standing to challenge the subpoena do not compel a contrary result.

In *Jones v. Records Deposition Serv. of Ohio*, 6th Dist. Lucas No. L-01-1333, 2002-Ohio-2269, no motion to quash was filed. *Id.* at ¶ 13. In that case, Jones' attorney appealed the imposition of Civ.R. 11 sanctions against him after he had filed a declaratory judgment action seeking to invalidate subpoenas that had been issued on behalf of Jones' employer (to obtain Jones' medical records in a civil suit Jones had filed against her employer) because they did not comply with Civ.R. 45. In the declaratory judgment action, Jones contended that the subpoenas had been improperly served to induce the medical providers to disclose her medical records. *Id.*

In affirming the trial court's imposition of sanctions against Jones' attorney, the Sixth District held that Jones lacked standing to challenge the sufficiency of service of the subpoenas on the third-party medical providers. *Id.* at ¶ 13, 17. The court further held that even if Jones had standing to challenge the subpoenas, she had signed a release permitting her employer to obtain her medical records, there was no evidence that the party who issued the subpoenas had obtained more information than it was entitled to pursuant to the release and Jones had forfeited her right to raise the issue because she did not object or file a motion for protective order in the underlying civil action. *Id.* at ¶ 10-12, 14.

In *Ramus v. Ramus*, 8th Dist. Cuyahoga No. 34965, 1976 Ohio App. LEXIS 7431 (Aug. 19, 1976), this court held that appellant had no standing to file a motion to quash a subpoena issued to his mother. *Id.* at 9-10. There was no claim in that case that the mother's testimony implicated some personal right or privilege held by appellant. Further, in that case, the court held that any claimed error was not prejudicial because the mother refused to answer any questions other than basic preliminaries, such as her name and address. *Id.* at 10.

In *N. Olmsted v. Pisani*, 8th Dist. Cuyahoga Nos. 67986 and 67987, 1995 Ohio App. LEXIS 5204 (Nov. 22, 1995), the defendant claimed that she was denied a fair trial because the trial court held a hearing on nonparties' motions to quash defense subpoenas and she had to reveal information to the prosecution during the hearing that was not otherwise discoverable before trial. *Id.* at 4-7. In overruling the defendant's assignment of error, this court noted that "subpoenaed non-party witnesses have standing to file motions to quash the subpoenas" and that they "may employ counsel to represent them and to file such motions on their behalf" — propositions that are not in dispute here. *Id.* at 5.

relevant to Celine's legal malpractice claims, that they were discoverable under Civ.R. 26 and that there was no other basis to quash the subpoena under Civ.R. 45.

**The Trial Court's Ruling that the Documents Were Discoverable**

{¶ 23} In his second assignment of error, Domenic argues that the trial court erred and abused its discretion in determining that the documents at issue, i.e., his personal and business tax returns and financial records that post-date the divorce agreement, were discoverable under Civ.R. 26(B)(1) and 45. Domenic contends that because these documents were not in existence at the time of the divorce proceedings, they could not have been discovered by Celine's counsel during the divorce proceedings, they could not have impacted Celine's rights related to support or property division and they are, therefore, "wholly irrelevant" to Celine's claims in her legal malpractice action.[4] Celine contends that the trial court had "ample justification" to compel production of these documents because the legal malpractice action includes allegations that her counsel failed to appropriately investigate Domenic's income after the divorce decree and pursue a child support modification — matters as to which the subpoenaed documents would be relevant.

{¶ 24} We generally review a trial court's ruling on discovery matters, including motions to quash subpoenas, for abuse of discretion. *See, e.g., N.E. Monarch Constr., Inc. v. Morganti Ent.*, 8th Dist. Cuyahoga No. 109845, 2021-

---

[4] Domenic also argues, on appeal, that the subpoena duces tecum was "procedurally defective" because Celine did not file the subpoena with the court. Domenic did not raise this issue in his motion to quash below. Accordingly, we will not consider it on appeal.

Ohio-2438, ¶ 11; *Molnar*, 2021-Ohio-1402, at ¶ 22, citing *Wall v. Ohio Permanente Med. Group Inc.*, 119 Ohio App.3d 654, 695 N.E.2d 1233 (8th Dist.1997); *Chiasson v. Doppco Dev.*, 8th Dist. Cuyahoga No. 93112, 2009-Ohio-5013, ¶ 10. Abuse of discretion is "a very high standard." *Supportive Solutions Training Academy, L.L.C., v. Elec. Classroom of Tomorrow*, 8th Dist. Cuyahoga Nos. 95022 and 95287, 2013-Ohio-3910, ¶ 11. A trial court abuses its discretion where its decision is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). As the Ohio Supreme Court explained in *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 482 N.E.2d 1248 (1985):

> "[A]n abuse of discretion involves far more than a difference in * * * opinion * * *. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an 'abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias."

*Id.* at 87, quoting *State v. Jenkins*, 15 Ohio St.3d 164, 222, 473 N.E.2d 264 (1984); *see also Shaut v. Natl. Cas. Co.*, 8th Dist. Cuyahoga No. 110010, 2021-Ohio-2522, ¶ 29 ("'A court abuses its discretion when a legal rule entrusts a decision to a judge's discretion and the judge's exercise of that discretion is outside of the legally permissible range of choices.'"), quoting *State v. Hackett*, 164 Ohio St. 3d 74, 2020-Ohio-6699, 172 N.E.3d 75, ¶ 19.

{¶ 25} Civ.R. 34(C) governs discovery requests for the production of documents from nonparties. It states, in relevant part:

> Subject to the scope of discovery provisions of Civ.R. 26(B) and 45(F), a person not a party to the action may be compelled to produce documents, electronically stored information or tangible things or to submit to an inspection as provided in Civ. R. 45.

Civ.R. 34(C). Thus, a subpoena duces tecum issued to a nonparty pursuant to Civ.R. 45 is subject to the scope of discovery as defined by Civ.R. 26(B).[5]

{¶ 26} Civ.R. 26 permits "broad discovery." *Molnar* at ¶ 21, citing *Esparza v. Klocker*, 2015-Ohio-110, 27 N.E.3d 23, ¶ 23 (8th Dist.). Pursuant to Civ.R. 26(B)(1), parties may obtain discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

{¶ 27} Although tax returns are not "privileged," they "reflect intimate, private details of an individual's life." *Mezatasta v. Ent. Hill Farm*, 6th Dist. Erie No. E-15-037, 2016-Ohio-3371, ¶ 18, citing *State ex rel. Fisher v. Cleveland*, 109 Ohio St.3d 33, 2006-Ohio-1827, 845 N.E.2d 500, ¶ 27, 32. As such, individuals often have expectations of privacy and confidentiality with respect to their tax returns. *Mezatasta* at ¶ 18; *see also Garver Rd. Invest., L.L.C. v. Diversapack of Monroe,*

---

[5] Civ.R. 45(F) addresses the discovery of information protected by privilege. It states: "Nothing in this rule shall be construed to authorize a party to obtain information protected by any privilege recognized by law, or to authorize any person to disclose such information." There is nothing in the record to suggest that any of the documents at issue were protected by any privilege. Accordingly, Civ.R. 45(F) has no application here.

*L.L.C.*, 12th Dist. Butler Nos. CA2013-10-181 and CA2013-10-183, 2014-Ohio-3551 (recognizing that tax returns are "subject to heightened protection from disclosure"); *cf. PCA-Corrections*, 2021 U.S. Dist. LEXIS 96737, at 9-10 (recognizing that although "[t]ax returns are not per se privileged from disclosure," "they are confidential").[6]

{¶ 28} However, simply because documents are "private" or "confidential" does not mean they are not discoverable. Such documents may be discoverable if "relevant to any party's claim or defense" and the discovery is "proportional to the needs of the case." Civ.R. 26(B)(1); *cf. Tisco Trading,* 2012-Ohio-493, at ¶ 9-13 (trial court did not abuse its discretion in denying nonparty's motions to quash subpoenas duces tecum issued to banks to obtain nonparty's financial documents; nonparty's financial documents were relevant in action to collect a debt filed against company of which nonparty was the former sole principal and were discoverable under Civ.R. 26 and 45); *Garver Rd. Invest.* at ¶ 16 (trial court did not abuse its discretion in ordering the production of parties' tax returns given the broad scope of discovery and the reasonable likelihood that those tax returns could lead to the discovery of admissible evidence); *Hart v. Alamo Rent a Car*, 195 Ohio App.3d 167, 173, 2011-Ohio-4099, 959 N.E.2d 15, ¶ 13-17 (8th Dist.) (trial court did not abuse its discretion

---

[6] The subpoena at issue sought the production of "[a]ny and all documents of whatever kind or description relating to any accounting and/or tax preparation services" Santagata Fini provided to Domenic and his businesses for the years at issue, including all tax returns and "[a]ll attachments, schedules, exhibits, and/or any other accompanying forms to any returns." It is unknown, based on the limited record before us, what, if any, responsive documents Santagata Fini has beyond tax returns or to what extent such documents may be deemed confidential.

in ordering disclosure of nonparty's social security number subject to confidentiality agreement where plaintiff's interest in disclosure of the social security number outweighed nonparty's interest in confidentiality); *Esparza*, 2015-Ohio-110, 27 N.E.3d 23, at ¶ 29-30 (fact that records "could contain confidential financial information" did not preclude them from being discoverable); *Armstrong v. Marusic*, 11th Dist. Lake No. 2001-L-232, 2004-Ohio-2594, ¶ 23 (noting that although trade secret information is "confidential," it is not "absolutely privileged" and may be subject to disclosure in discovery subject to protections).

{¶ 29} Domenic disputes Celine's characterization of the post-decree proceedings. He asserts that his post-decree motions "did not concern child or spousal support," but, rather, sought to hold Celine in contempt of court for her refusal to cooperate in the listing and sale of the former marital residence. This information is not in the record before us. However, even assuming *Domenic's* post-decree motions were limited to issues surrounding the listing and sale of the marital residence, this would not preclude the trial court from reasonably exercising its discretion and allowing discovery of Domenic's post-decree financial records based on the allegations of Celine's complaint.

{¶ 30} Celine's legal malpractice claims are not limited to acts or omissions that occurred during the divorce proceedings. The complaint also includes allegations that, after the divorce was finalized, Celine had asked Coyne to "seek to increase support and develop evidence that Mr. Gangale had minimized his income and/or hidden assets," that she had "supplied Coyne with evidence that Mr. Gangale

and/or his closely held business had purchased valuable real estate at a time when Mr. Gangale allegedly had minimal income and assets" and that Coyne "never sought to investigate these matters; nor file a motion to modify support." (Complaint at ¶ 69-70, 71.)

{¶ 31} Domenic does not contend that the conditions pursuant to which the trial court ordered production of the documents at issue, i.e., "either under a protective order or in a manner that otherwise ensures for the confidentiality of the documents," do not provide adequate protection for the documents. And although he challenges the trial court's order to the extent it compels the production of his "personal and business financial records and documentation" post-dating the parties' divorce agreement, i.e., from 2019-2020, he does not challenge the trial court's order to the extent it requires production of the very same documents for the years 2016-2018.

{¶ 32} Based on the limited record before us and given the broad scope of discovery permitted under the Civil Rules, Domenic has not shown that the trial court abused its discretion and acted unreasonably, arbitrarily or unconscionably in determining that the documents at issue were discoverable under Civ.R. 26(B)(1) and 45, in denying Domenic's motion to quash the subpoena duces tecum on that basis and in ordering Santagata Fini to produce the documents at issue "either under a protective order or in a manner that otherwise ensures for the confidentiality of the documents." Accordingly, Domenic's second assignment of error is overruled.

{¶ 33} Judgment affirmed.

It is ordered that appellee shall recover from appellant the costs herein taxed.

It is ordered that a special mandate be sent to the Cuyahoga County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

ANITA LASTER MAYS, P.J., and
MARY EILEEN KILBANE, J., CONCUR