[Cite as *Morawski v. Davis*, 2023-Ohio-1898.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOHN E. MORAWSKI,           :
ADMINISTRATOR, ET AL.,      :

      Plaintiffs-Appellees,       :

                         No. 112033

      v.                          :

MICHAEL B. DAVIS, ET AL.,    :

      Defendants-Appellants.      :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 8, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-941420

---

### *Appearances:*

Spangenberg Shibley & Liber LLP, Dennis R. Lansdowne, and
Michael P. Lewis, *for appellee.*

Williams, Moliterno & Scully Co, L.P.A., Kelly Grigsby Jones,
and Ian R. Luschin, *for appellant.*

EMANUELLA D. GROVES, J.:

**{¶ 1}** This case came to be heard upon the accelerated calendar pursuant to

App.R. 11.1 and Loc.App.R. 11.1.  Defendant-appellant, Michael B. Davis ("Davis"),

appeals the trial court's judgment ordering him to produce documents to plaintiff-

appellee, John E. Morawski, administrator of the estate of Gregory Morawski ("Morawski"). For the reasons that follow, we affirm the judgment of the trial court.

**Procedural History and Factual Background**

{¶ 2} Morawski timely initiated wrongful death actions against defendant-appellant, Davis and his parents, Gary Davis and Elizabeth Davis, for claims resulting from the death of their son, Gregory Morawski. On July 4, 2017, Davis intentionally drove his car into oncoming traffic in an attempt to commit suicide. Instead, Davis collided head-on with the car Gregory Morawski was driving, killing Morawski and seriously injuring his fiancee. Davis was charged with murder and pled not guilty by reason of insanity. Davis claimed that he was in the midst of a psychotic break at the time of the collision and subpoenaed two of his treating physicians to testify at his criminal trial. Davis was subsequently convicted of murder and is currently serving a sentence of 15 years to life, at the Grafton Correctional Institution.

{¶ 3} On December 15, 2020, Morawski refiled the civil action against Davis for wrongful death on behalf of his son's estate after a prior voluntary dismissal of his claims on January 2, 2020. The complaint alleges claims of negligence against appellant-defendant Michael Davis, negligent entrustment against Davis' parents, Gary and Elizabeth Davis, and wrongful death against all defendants.

{¶ 4} On April 8, 2021, the court held a case-management conference and, among other things, ordered all discovery to be completed by October 4, 2021. On June 11, 2021, Morawski served his first set of interrogatories, request for

admissions, and request for production of documents on Davis. On or about April 13, 2021, Morawski issued subpoenas for medical records from two of Davis' medical providers. Morawski sent several emails to Davis over the next several months, requesting responses to the written discovery and signed authorizations for medical records. Davis' healthcare providers requested signed authorizations from Davis as well. Davis did not object to the subpoenas or discovery requests prior to the discovery deadline.

{¶ 5} Davis did not respond to written discovery within 28 days of service or by the court's October 4, 2021 discovery cutoff date. On January 11, 2022, Davis finally informed Morawski that he would not be signing medical authorizations. On February 1, 2022, Morawski filed a motion to compel discovery and a motion for a court order to enforce the subpoenas. On the same day, Davis served his responses to the interrogatories, request for admissions, and request for production of documents first served on him in June 2021. Davis also objected to the motion to compel and motion for a court order to enforce subpoenas, arguing that his medical records were irrelevant[1] and protected by physician-patient privilege under R.C. 2317.02(B). The trial court granted Morawskis' motion to compel discovery and motion for a court order to enforce the subpoenas on September 12, 2022.

---

[1] Ohio courts have held that a trial court's determination as to the relevancy of discovery materials is not a final, appealable order. *Harris v. Belvoir Energy, Inc.*, 8th Dist. Cuyahoga No. 103460, 2017-Ohio-2851, ¶ 10, and, while Davis claimed that the contested records were both irrelevant and privileged in his objection to Morawskis' motion to compel filed in the trial court, he did not raise the issue in this appeal.

**{¶ 6}** Davis now makes this interlocutory appeal, raising one assignment of error for our review:

### Assignment of Error

The trial court erred when it granted Morawskis' motion to compel, thereby ordering appellant Davis to produce his medical records and or enforce subpoenas to secure the same, which are confidential and privileged under Revised Code 2317.02(B). The privilege has never been waived and no exception to the statutory privilege applies.

**{¶ 7}** Davis argued that all of his medical records were exempted from disclosure as privileged physician-patient records pursuant to R.C. 2317.02(B). Morawski counters that Davis waived privilege when he raised his mental health as an issue in his criminal trial.

### Standard of Review

**{¶ 8}** Generally, a discovery dispute is reviewed for abuse of discretion. However, whether the information sought in discovery is confidential and privileged is a question of law that is reviewed de novo. *Hance v. Cleveland Clinic*, 2021-Ohio-1493, 172 N.E.3d 478, ¶ 25 (8th Dist.). When the trial court's order will result in the disclosure of confidential patient information, it is treated as a final appealable order. *Humphrey v. Riverside Methodist Hosp.*, 22 Ohio St.3d 94, 97, 488 N.E.2d 877 (1986); *Grove v. Northeast Ohio Nephrology Assocs.*, 164 Ohio App.3d 829, 2005-Ohio-6914, 844 N.E.2d 400, ¶ 9 (9th Dist.); *Burnham v. Cleveland Clinic*, 151 Ohio St.3d 356, 2016-Ohio-8000, 89 N.E.3d 536, ¶ 24.

## Law and Analysis

### Ohio Civ.R. 26 and 45

{¶ 9} Civ.R. 26 permits "broad discovery." *Molnar* at ¶ 21, citing *Esparaza v. Klocker*, 2015-Ohio-110, 27 N.E.3d 23, ¶ 23 (8th Dist.). Under Civ.R. 26(B)(8)(a), and 45(D)(4),

> "[w]hen information subject to discovery is withheld on a claim that is privileged or subject to protection as trial preparation material, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim." *Huntington Natl. Bank v. Dixon*, 8th Dist. Cuyahoga No. 93604, 2010-Ohio-4668, ¶ 20.

{¶ 10} Before the court becomes involved in the discovery process, it is incumbent upon the parties to attempt an informal resolution of any discovery dispute and to follow the civil rules. *See* Civ.R. 26(C) *Marcum v. Miami Valley Hosp.*, 2015-Ohio-1582, 32 N.E.3d 974, ¶ 17 (2d Dist.). If the parties are unable to resolve a discovery issue concerning a claim of privilege, pursuant to the civil rules, the trial court is required to review whether the challenged documents are privileged. "Under the physician-patient privilege, a treating physician is prohibited from disclosing matters disclosed by the patient to the physician during consultations regarding treatment or diagnosis of the patient." *State Med. Bd. of Ohio v. Miller*, 44 Ohio St.3d 136, 140, 541 N.E.2d 602 (1989). *Harris v. Belvoir Energy, Inc.*, 8th Dist. Cuyahoga No. 103460, 2017-Ohio-2851 at ¶ 10. At issue here, are two subpoenas issued to Davis' doctors, who are nonparties in this case. A subpoena duces tecum issued to a nonparty under Civ.R. 45 is subject to the scope

of discovery as defined by Civ.R. 26(B). *Gangale v. Coyne*, 2022-Ohio-196, 183 N.E.3d 1245, ¶ 25 (8th Dist.). Civ.R. 45(C)(3) governs the process that one must follow when they believe complying with the subpoena would require disclosure of privileged information without a waiver or exception pursuant to R.C. 2317.02.

> *On timely motion*, the court from which the subpoena was issued shall quash or modify the subpoena, or order appearance or production only under specified conditions if the subpoena does any of the following:
>
> * * *
>
> (b) Requires disclosure of privileged or otherwise protected matter and no exception or waiver applies;
>
> * * *

(Emphasis added.) Civ.R. 45.

## Privilege Must Attach Before Application of R.C. 2317.02

{¶ 11} Davis claimed physician-patient privilege with respect to every communication within his medical records. Since the physician-patient privilege is not absolute, Davis must demonstrate that privilege attached to the requested records. Privilege attaches to communications between the patient and physician when they are created for the purpose of diagnosis or treatment. R.C. 2317.02.

{¶ 12} Prior to the application of R.C. 2317.02, there must be a determination that privilege actually attaches to the communications in question. In short, every communication within a medical record is not automatically subject to R.C. 2317.02. *State v. Kutz*, 87 Ohio App.3d 329, 622 N.E.2d 362 at ¶ 336 (6th Dist.). The decision on whether a specific communication in a medical record is privileged is made on a case-by-case basis. *State v. Garrett*, 8 Ohio App.3d 244, 456 N.E.2d 1319, ¶ 247

(10th Dist.1983). The determination is dependent on two factors: firstly, whether the conversation took place between a patient and their doctor or dentist, and secondly, whether the purpose of the conversation was for diagnosis or treatment. R.C. 2317.02 states that the physician-patient privilege is applicable to the following:

> (B)(1) A physician or a dentist concerning a communication made to the physician or dentist by a patient in that relation or the physician's or dentist's advice to a patient, except as otherwise provided in this division, division (B)(2), and division (B)(3) of this section, and except that, if the patient is deemed by section 2151.421 of the Revised Code to have waived any testimonial privilege under this division, the physician may be compelled to testify on the same subject.
>
> * * *
>
> (5) (a) As used in divisions (B)(1) to (4) of this section, "communication" means acquiring, recording, or transmitting any information, in any manner, concerning any facts, opinions, or statements necessary to enable a physician or dentist to diagnose, treat, prescribe, or act for a patient. A "communication" * * * may include, but is not limited to, any medical or dental, office, or hospital communication such as a record, chart, letter, memorandum, laboratory test and results, x-ray, photograph, financial statement, diagnosis, or prognosis.

R.C. 2317.02.

{¶ 13} In *Hopfer*, the court held that "the privilege accorded by R.C. 2317.02(B) is available only to communications made within a physician-patient relationship." *State v. Hopfer*, 112 Ohio App.3d 521, 553, 679 N.E.2d 321 (2d Dist.1996). Only then does the application of R.C. 2317.02 arise. *Id.* Privilege does not attach to medical reports compiled for reasons other than medical treatment; consequently, in such circumstances, R.C. 2317.02 is inapplicable. *State v. Hall*, 141 Ohio App.3d 561, 568, 752 N.E.2d 318, (4th Dist. 2001). In other words,

the privilege must attach *before* communications within medical records are subject to R.C. 2317.02.

{¶ 14} Morawski argued that privilege did not attach to communications between Davis' parents and doctors. Davis claims every communication within his medical records is privileged. Statutory privilege must be strictly construed against the party seeking to assert it and may be applied only to those circumstances specifically named in the statute. *Ward v. Summa Health Sys.*, 128 Ohio St.3d 212, 2010-Ohio-6275, 943 N.E.2d 514, ¶ 15. The *Conley* Court reasoned that "communications to a physician which were intended to be shared with third parties are not made in the confidentiality of the physician-patient relationship." *State v. Conley*, 8th Dist. Cuyahoga No. 69597, 1996 Ohio App. LEXIS 3547, ¶ 16 (Aug. 22, 1996). *See Hopfer* at 553 (communications within a medical record concerning a mental examination were not privileged when the exam was conducted on behalf of counsel to assist them in representing their client during an amenability hearing). *See also Hall* at 568. Accordingly, communications contained within medical records between parties other than the physician or dentist and patient; or created for a purpose other than to treat, diagnose, prescribe, or act for the patient are not privileged communications under R.C. 2317.02. *Id.*

**Sufficiency of the Record**

{¶ 15} In order for a reviewing court to determine whether the physician-patient privilege is attached to communications within a medical record, there must be sufficient evidence in the record to review the privilege claims. *Pietrangelo v.*

*Hudson*, 8th Dist. Cuyahoga No. 111805, 2023-Ohio-820, ¶ 22. This record contains no evidence that Davis complied with his duty to provide this court with all the information needed to decide his assignment of error. The *Pietrangelo* Court affirmed the trial court's ruling ordering plaintiff to sign releases for medical records, where the appellant merely refused to sign the authorizations, rather than seeking a protection order or requesting an in camera inspection of any documents. *Id*. at ¶ 5. The record reveals that despite Morawskis' multiple requests for discovery responses and signed authorizations, Davis failed to respond to written discovery until the day that Morawski filed a motion to compel discovery, months after they were due. Not only did Davis fail to object to discovery pursuant to Civ.R. 45, but the record indicates that Davis did not inform Morawski of any objections until after Morawski filed a motion to compel discovery and motion to enforce the subpoenas. On August 23, 2021, Davis emailed:

> Davis: I am scheduled to meet with my client this week, and hope to have a response to the request for the signed authorization. I will also be working on his responses to discovery after my return to the office.

In addition to multiple emails to Morawski requesting a status on the signed authorizations, on January 6, 2022, Morawski emailed:

> Morawski: * * * You've already told me you have no objection to the subpoenas we previously sent and to date you have not objected to those subpoenas. Those providers we subpoenaed will not produce records absent authorization. Please send signed authorizations back as soon as possible. Also following up on the overdue discovery responses. Please advise.

**{¶ 16}** Here, neither the doctors nor Davis ever filed motions to quash, modify, issue a protective order, or conduct an in camera review of the documents

subject to the subpoenas. When statutory protections are triggered, the general assembly has clearly carved out a number of exceptions that has clarified that "the physician-patient privilege is not absolute." *Ward v. Summa Health Systems*, 128 Ohio St.3d 212, 2010-Ohio-6275, 943 N.E.2d 514, ¶ 22. Civ.R. 26 and 45 ensure that the record is sufficient for de novo review of privilege claims. A complete record allows an appellate court to conduct a meaningful review of whether a privilege is applicable to the documents at issue. *Howell v. Park E. Care & Rehab.*, 8th Dist. Cuyahoga No. 106041, 2018-Ohio-2054, ¶ 34. Civ.R. 45 (D)(4) states:

> When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

The burden to show that testimony or documents are confidential or privileged is on the party seeking to exclude the material. *Zimpfer v. Roach*, 3d Dist. Shelby No. 17-16-03, 2016-Ohio-5176, ¶ 27. Here, we simply do not know what is contained in Davis' medical records because he failed to comply with Civ.R. 26 and 45(C). Consequently, the record is insufficient for a de novo review of the communications contained within Davis' medical records. Once privilege attaches, then R.C. 2317.02 is triggered to determine whether an exception applies. Otherwise, a claim of privilege has not been perfected.

**Waiver**

{¶ 17} We reject Morawskis' argument that Davis waived privilege when he made his mental condition an issue in his criminal case. The Ohio Supreme Court held that waiver in one case is limited to that case. *Hageman v. Southwest Gen. Health Ctr.,* 119 Ohio St.3d 185, 2008-Ohio-3343, 893 N.E.2d 153, ¶ 17. However, we cannot say whether Davis disclosed unprivileged medical communications contained in his medical records, during his deposition, because the deposition transcript is not part of the record.

**Conclusion**

{¶ 18} We cannot conclude that privilege attaches to every document within Davis' medical records because Davis did not include the disputed documents in the record. This record contains no evidence that Davis complied with his duty to provide this court with the information needed to decide his assignment of error.

{¶ 19} Davis' unjustifiable delay in objecting to Morawskis' requests for records until after the trial court's discovery cutoff date, combined with the procedural history of the claims, and Davis' failure to comply with Civ.R. 26 and 45, have rendered the record insufficient for this court to review, de novo, his privilege claims. We find the record here insufficient to conclude that Davis met his burden of establishing that the requested records are entirely privileged and protected from disclosure under R.C. 2317.02.

{¶ 20} In closing, we must address the dissent's claim that the records requested by Morawski constitute "communications" subject to physician-patient

privilege. In essence, this would create a blanket privilege for communications within medical records. The dissent's claim of blanket privilege impermissibly shifts Davis' burden to Morawski when it finds that the requested records are privileged based solely on the two subpoenas. The dissent determined that no exception under R.C. 2317.02 applied, without first conducting the analysis of whether privilege attached.

{¶ 21} Accordingly, we affirm the trial court's order granting a motion to compel discovery and enforcement of subpoenas.

It is ordered that appellee recover costs from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

ANITA LASTER MAYS, A.J., CONCURS;
LISA B. FORBES, J., DISSENTS (WITH SEPARATE OPINION)


LISA B. FORBES, J., DISSENTING:

{¶ 22} I respectfully dissent from the majority's opinion and write separately because I believe that  the trial court erred by granting Morawski's motion for a court order to enforce subpoenas issued to two of Davis's doctors seeking Davis's "medical

records, mental health records, psychiatric records, notes, prescriptions, progress notes, reports or test results." The subpoenas expressly seek documents that are privileged under R.C. 2317.02 and none of the statutory exceptions apply. Furthermore, I find that any argument pertaining to the motion to compel Davis to respond to discovery requests is moot, because Davis responded to the discovery requests on the same day the motion to compel was filed, and a review of the discovery requests attached to the motion to compel shows that Morawski did not request Davis's medical records from Davis.

## I.   The Subpoenas

{¶ 23} "Medical records are generally privileged from disclosure under R.C. 2317.02(B)(1)." *Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 14. Under R.C. 2317.02(B)(1), the "following persons shall not testify * * *: [a] physician * * * concerning a communication made to the physician * * * by a patient in that relation or the advice of a physician * * *." The term "communication" is defined as "acquiring, recording, or transmitting any information, in any manner, concerning any facts, opinions, or statements necessary to enable a physician * * * to diagnose, treat, prescribe, or act for a patient * * *." R.C. 2317.02(B)(5)(a).

{¶ 24} Ohio courts have held that a party asserting the physician-patient privilege must satisfy the following criteria:

(1) The matter sought to be disclosed constituted a "communication" as defined under R.C. 2317.02(B)(3);

(2) The communication took place between the patient and a doctor
* * *; and

(3) The patient has not waived the privilege by express consent or by
filing a civil claim. *See* R.C. 2317.02(B)(1).

*Calihan v. Fullen*, 78 Ohio App.3d 266, 270, 604 N.E.2d 761 (1st Dist.1992). *See also Miller v. Bassett*, 8th Dist. Cuyahoga No. 86938, 2006-Ohio-3590, ¶ 22 (quoting the *Calihan* test with approval).

{¶ 25} In the case at hand, Morawski served two subpoenas that, as noted, specifically requested, among other things, Davis's "medical records, mental health records, psychiatric records, notes, prescriptions, progress notes, reports or test results." Morawski acknowledges that the subpoenas were served on two of Davis's doctors. Davis describes the medical records Morawski requested as "mental health/medical records from treatment providers predating the subject collision."

{¶ 26} Under these circumstances, I would find that Morawski specifically requested "communications" subject to the physician-patient privilege found in R.C. 2317.02(B) when he issued the subpoenas.

{¶ 27} I would further find that no exception to the privilege, as defined in R.C. 2317.02(B)(1)(a)-(d), applies. It is undisputed that no authorization was provided by Davis, despite that Morawski specifically requested Davis execute authorizations for each of the doctors. Consequently, R.C. 2317.02(B)(1)(a)(i) and (ii), the statutory provisions that allow physicians to testify where the patient or administrator of an estate gives express consent, do not apply.

{¶ 28} Under R.C. 2317.02(B)(1)(a)(iii), "[t]he testimonial privilege * * * does not apply, and a physician * * * may testify or may be compelled to testify * * * [i]f * * * an action for wrongful death [or] any other type of civil action * * * is filed by the patient * * *."  Here, Morawski is the plaintiff.  The subpoenas to Davis's treatment providers and the medical records at issue in this action involve Davis, not Gregory Morawski.  Consequently, this express statutory exception does not apply because the patient — Davis — did not bring the legal action.  *See Ward*, 128 Ohio St.3d 212, 2010-Ohio-6275, 943 N.E.2d 514, at ¶ 22 ("[T]he privilege does not apply when the patient gives express consent to the release of medical information or when the patient places his medical condition in issue by filing a medical claim or wrongful-death action.").

{¶ 29} The fact pattern, procedural posture, and party dynamics in the case at hand are quite distinct from typical privilege cases in which the plaintiff puts his or her medical condition at issue by filing the complaint.  In that scenario, pursuant to R.C. 2317.02(B)(1)(a)(iii), the physician-patient privilege does not apply, and the plaintiff's medical records are discoverable to the extent that they are "related causally or historically to physical or mental injuries that are relevant to issues in * * * [an] action for wrongful death [or] other civil action * * *." R.C. 2317.02(B)(3)(a).  This exception does not apply to the case at hand, in which the party asserting the privilege is the defendant who has not asserted a claim.  Consequently, there is no need to assess whether Davis's medical records are causally or historically related to a claim he did not bring.

{¶ 30} The remaining exceptions to the physician-patient privilege outlined in R.C. 2317.02(B)(1)(b), (c), and (d), which concern child custody cases and criminal cases, also do not apply to the facts of the instant case.

{¶ 31} Morawski's argument that Davis waived the physician-patient privilege is two-fold: 1) Davis waived the privilege in a previous criminal proceeding when he put his mental health at issue by pleading not guilty by reason of insanity; and 2) Davis waived the privilege by virtue of testimony he gave at a deposition[2] in the case at hand. I would not find Morawski's argument well taken.

{¶ 32} First, I agree with the majority that the Ohio Supreme Court has rejected the invitation to extend waiver of the privilege in one case to a subsequent case involving different parties. In *Hageman,* 119 Ohio St.3d 185, 2008-Ohio-3343, 893 N.E.2d 153, at ¶ 17, the court stated, "[W]e hold that when the cloak of confidentiality that applies to medical records is waived for the purposes of litigation, the waiver is limited to that case."

{¶ 33} Second, Morawski relies on two cases, both of which are inapposite. Morawski cites to *Wargo v. Buck*, 123 Ohio App.3d 110, 703 N.E.2d 811 (7th Dist.1997), in which the Seventh District Court of Appeals applies the statutory

---

[2] Morawski claims Davis testified that he was having a psychotic break and not in control of his actions at the time of the car accident at the heart of Morawski's complaint. Upon review of the record, it does not appear that Morawski filed Davis's deposition transcript or attached it to any filings. As a result, I am unable to review what was said at Davis's deposition. *See Sullivan v. Smith*, 11th Dist. Lake No. 2008-L-107, 2009-Ohio-289, ¶ 7 ("Our review of the trial court's docket reveals that Smith's deposition was not filed and, further, the deposition is not part of our record on appeal. Therefore, we cannot consider it on appeal. App.R. 9.").

exception regarding actions filed by a patient.[3]   As addressed, that statutory exception to the privilege does not apply here because the patient, Davis, did not bring the civil action.  In *Ward*, 128 Ohio St.3d 212, 2010-Ohio-6275, 943 N.E.2d 514, the second case cited by Morawski, the Ohio Supreme Court explained that, while R.C. 2317.02(B) prohibits a physician from disclosing communications with a patient, the statute "does not address whether medical information is discoverable from a patient himself."  In *Ward*, the subpoena to a nonparty doctor requested medical information about that doctor in his role as a patient.  Here, the subpoenas to Davis's doctors sought information about Davis, not the doctors.  Morawski has not provided any authority to support his position that testimony given at a deposition waives the privilege.

{¶ 34} In short, Davis's medical records, as requested by the subpoenas issued in this case, include communications that are privileged under R.C. 2713.02. Moreover, they do not fall under any recognized exception to the physician-patient privilege, and I am disinclined to create one.

{¶ 35} I would find that ordering the wholesale production of Davis's "medical records, mental health records, psychiatric records, notes, prescriptions, progress notes, reports or test results" was error, particularly without first ordering an in camera inspection and reviewing the documents.  Such an inspection would

---

[3] *Wargo* addresses a prior version of R.C. 2317.02.  The exception found at subsection (B)(1)(c) discussed in *Wargo* has been renumbered as subsection (B)(1)(a)(iii).

afford the court an opportunity to determine whether any of the documents in the doctors' files fall outside the privilege and, thus, are discoverable.

## II.   Discovery Requests to Davis

{¶ 36} With respect to the discovery requests propounded to Davis, the only documents at issue in this appeal are those that implicate medical information.  As stated earlier, I would find that Morawski did not request Davis' medical records from Davis with the discovery requests at issue in Morawski's motion to compel. Furthermore, the record establishes that Davis responded to Morawski's discovery requests, and I would find that this aspect of the appeal is moot.

{¶ 37} Accordingly, I would sustain Davis' sole assignment of error and reverse the trial court's journal entry granting Morawski's motion for court order to enforce subpoenas.  I would find Davis's appeal moot to the extent that he is challenging the trial court's journal entry granting Morawski's motion to compel Davis's discovery responses.